## Johnson *against* Turner.

A condition in an insolvent bond that the obligor shall appear and make application for the benefit of the insolvent laws at the next term of the court, is performed by a discharge at an adjourned court between the date of the bond and the time fixed in it for his appearance.

ERROR to the Common Pleas for the city and county of *Philadelphia.*

This was an action of debt on an insolvent bond brought by Thomas Johnson against Jesse Turner before a justice of the peace, who gave judgment for the plaintiff, from which the defendant appealed to the Common Pleas, who entered judgment for the defendant on the following case stated:

On the 26th of March 1839, the defendant and one James Laws executed a joint and several bond to the plaintiff in the penal sum of $150, the condition whereof was that Laws should appear at the next term of the Court of Common Pleas of the county of Philadelphia, and then and there present his petition for the benefit of the insolvent laws of this Commonwealth, and comply with all the requisitions of the said law, and abide all the orders of the said court in that behalf, or in default thereof, and if he should fail in obtaining his discharge as an insolvent debtor, that he should surrender himself to the jail of the said county. Laws afterwards presented his petition to the said court, and was discharged as an insolvent debtor at the March term 1839 of the said court, but did not present a petition or obtain a discharge at the June term 1839 of that court, the June term being the next term after the execution of the said bond, and did not in default thereof surrender himself to the jail of the said county. No personal notice of the application of Laws for the benefit of the insolvent laws at the March term 1839 was given to the plaintiff, but public notice was given in two daily newspapers according to law. The plaintiff did not appear and oppose the discharge of Laws at the said March term 1839, but appeared prepared to oppose his discharge at the June term 1839, at which time he first learned that Laws had been previously discharged.

If the court shall be of opinion upon the above statement of facts that the plaintiff is entitled to recover, it is agreed that judgment be entered for the plaintiff for the amount of the alderman's judgment, with interest thereon to the date of the judgment by the court; otherwise judgment to be entered for the defendant.

It is agreed that the plaintiff may sue out a writ of error in the

[Johnson v. Turner.]

above case, it having been the intention of the parties that either of them should have the right so to do, and that such agreement be considered a part of the case stated.

The error assigned was, that the court gave judgment for the defendant instead of the plaintiff upon the case stated.

*Brightly,* for plaintiffs in error, cited 6 *Watts* 508; 4 *Watts* 69; 3 *Yeates* 395; 4 *Yeates* 389.

*M'Ilvaine, contra,* referred to 2 *Miles* 437; 2 *Ashm.* 434; 9 *Watts* 288.

The opinion of the Court was delivered by

GIBSON, C. J.—In *M'Clure* v. *Foreman, (ante* 280), the insolvent debtor was bound by the condition of a previous bond, to file a petition at a court preceding the term to which the process on which he had last been arrested was returnable, and he therefore had no choice but to begin his proceeding to obtain a discharge before the day prescribed by the condition of the bond in suit; but as a second discharge from the same debt would have been nugatory, it was held that the condition was substantially performed by what was already done. In the case before us, the time of the application was not a matter of compulsion but of choice; yet the difference is an unsubstantial one. In the case referred to, it was held that the condition, being prescribed by a remedial statute, was to be as liberally construed in advancement of the intention as the statute itself, of which it is a part, and not with the strictness of construction which is properly applicable to a·condition at the common law, but which would make the proceeding not a remedy for the debtor's relief, but a snare. What matters it then that the defendant was not compelled to apply at as early a day as he did, seeing that the plaintiff had all the security from his bond, as well as all the notice and opportunity to oppose the discharge which he could have had if the petition had been filed at the day. No clause of the insolvent law forbade the debtor to apply before it; and it was not the design of the statute to secure him further by compelling the debtor to procure another discharge for the empty purpose of complying literally with the condition. The case, therefore, is within the principle of the case quoted, in which it was said that a discharge at an adjourned court between the arrest and the time of appearance, would be held to be an equivalent to performance. That is exactly our case, and the record consequently exhibits no error.

Judgment affirmed.